## POWELL v. TOMLINSON.

[92 South. 583, No. 22616.]

APPEAL AND ERROR. *Facts necessary to support judgment taken as true where proved or inferable from facts proved.*

In determining the correctness of a judgment of a trial court, all facts necessary to support such judgment either proven directly or reasonably inferable from the proven facts are to be taken as true.

On suggestion of error. Suggestion of error overruled.

For former opinion, see 92 South. 226, 129 Miss. 354.

On suggestion of error. Suggestion of error overruled.

For former opinion, see 92 So. 226.

ANDERSON, J., delivered the opinion of the court.

Appellant admits that the conclusions of law announced by the court in its opinion are sound, but insists that the facts to which they were applied are not in the record.

In determining the correctness of a judgment of a trial court, all facts necessary to support such judgment either proven directly or reasonably inferable from the proven facts are to be taken as true. Applying that principle here, it appears that appellant in the early part of 1921 took from his tenant, Wesley Leseure, and his wife, a deed of trust on stock either owned by one or the other or both, as well as on the crops to be raised by them on appellant's farm during that year, to secure supplies to be advanced them by appellant with which to make such crops, and also to secure the balance due appellant by his said tenant, Wesley Leseure, for the previous year, the due date of all which indebtedness was some time in the fall of 1921. These facts are fairly deducible from appellant's own testimony while on the witness stand in his own behalf. The questions propounded to him on this proposition and his answers thereto are in the following language:

"Q. You have a deed of trust on Wesley's crop for this year, have you not? (No answer.) Q. You have a deed of trust on Wesley Leseure's crop and some stock? A. Yes, sir. Q. And that deed of trust recites for supplies and money furnished? A. Yes, sir; I think it is for this year (1921). Q. I will ask you this, This is an account that Wesley Leseure owes you? (referring to balance due for 1920). A. Wes, Mary, and the whole thing."

It is true that in other parts of appellant's testimony it appears uncertain whether Wesley Leseure, the tenant, joined in the last deed of trust or not, but the trial court had the right to take appellant's evidence most strongly against him. And, furthermore, at the time the second deed of trust was taken both Wesley Leseure and his wife were tenants on appellant's place for the year 1921 and were being furnished with supplies by appellant with which to make a crop on his farm. It certainly would not be an unreasonable inference from the proven facts that the second deed of trust, although not joined in by Wesley Leseure, was given by his wife with his knowledge and consent and for the benefit of both, and that they both

agreed with appellant that said balance for 1920, as well as the supply account for 1921, should be due and payable at the usual time in the fall of 1921. We cannot give our assent to the proposition that a landlord so situated as appellant was here will be permitted to hold on to the security he has and at the same time pursue his subtenant, who is a mere surety for the tenant or a purchaser from the subtenant, and therefore entitled to the rights of the latter.

*Suggestion of error overruled.*